IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY WALKER, #1661270 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1265 |
| MAJOR MITCHELE, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Gregory Walker, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #46) concluding that Defendants' motion to revoke Mr. Walker's *in forma pauperis* status (Dkt. #43) should be granted and that the case should be dismissed for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). Mr. Walker has filed objections (Dkt. #53).

### Facts of the Case

The complaint was filed on November 4, 2016. Mr. Walker initially complains about an incident that occurred on August 18, 2015. He was working as a janitor in A-Side administrative segregation. He states he regularly goes to the pill window at an appointed time to pick up his HIV medication. Officer Dunklin, however, refused to let him go to the pill window and threatened to lock him up if he did not go back to work. The situation occurred again on September 3, 2015. Mr. Walker refused to work without his medication and was locked up for

1

six hours without his medication. A lieutenant confirmed with the medical department that he needed his medication, but the lieutenant left him locked up until 10:30 p.m. Mr. Walker wants the officers to be punished. A response to a Step 1 Grievance reveals that security staff called the infirmary and was told that the pill window was closed. The response also reveals that Mr. Walker was reassigned to B-Side on September 11, 2015. Upon review of the complaint, Judge Mitchell concluded that the Defendants should respond to the lawsuit.

## Report and Recommendation

Judge Mitchell found that the Defendants' motion to revoke Mr. Walker's *in forma pauperis* status should be granted. Court records reveal that Mr. Walker has a history of filing frivolous lawsuits. The following four lawsuits were dismissed as frivolous or for failure to state a claim upon which relief may be granted before the present lawsuit was filed: *Walker v. Dallas County Parole Board,* No. 3:97-CV-0428-D (N.D. Tex. Sept. 25, 1997) (no appeal); *Walker v. State of Texas*, No. 3:96-CV-3284-X (N.D. Tex. Jan. 22, 1998) (no aapeal); *Walker v. D.P.O. Arresting Officer*, No. 3:97-CV-0128-T (N.D. Tex. March 31, 1998) (no appeal); *Walker v. Dallas County*, No. 3-98-CV-785-R (N.D. Tex. May 7, 1998), *appeal dismissed*, No. 98-10602 (5th Cir. June 30, 1998). He also had at least two cases dismissed pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g): *Walker v. Dallas County Jail*, No. 3:98-CV-2931-X (N.D. Tex. Jan. 20, 1998); *Walker v. Whittier*, No. 3-98-CV-1466-D (N.D. Tex. Oct. 8, 1998).

Congress decided to end the practice by inmates of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously

dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Magistrate Judge Mitchell found that Mr. Walker had more than three lawsuits dismissed as frivolous prior to the filing of the present lawsuit. She further found that his complaint about not receiving his medication on August 18, 2015 and September 3, 2015 does not give rise to an inference that he was under imminent danger of serious physical injury at the time he filed the lawsuit on November 4, 2016. This is particularly true since the prison system reassigned him to a job in a different part of the Coffield Unit on September 11, 2015. Judge Mitchell concluded that Mr. Walker's *in forma pauperis* status should be revoked pursuant to § 1915(g).

## Objections

Mr. Walker has filed objections. He argues that Congress never intended § 1915(g) to deprive inmates of their right of access to the courts. The Fifth Circuit considered the identical argument in *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997). The Court held that the statute does not prevent a prisoner from filing civil lawsuits; instead, "it merely prohibits him from enjoying IFP status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Id.* at 821. Mr. Walker's first objection lacks merit.

Mr. Walker next argues that his factual allegations were misinterpreted. He asserts that he was denied his medication eight times from August 18, 2015 through September 3, 2015. The dispositive factor with respect to the exception to § 1915(g) is whether Mr. Walker was "under imminent danger of serious physical injury" at the time he filed the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Mr. Walker stresses that he is HIV+, which is a serious

3

medical condition. The issue before the court is not, however, whether he has a serious medical condition. Instead, the issue for purposes of the exception to § 1915(g) is whether he was under imminent danger of serious physical injury at the time he filed the lawsuit. His lawsuit involves allegations of being denied medication for his condition from August 18, 2015 through September 3, 2015. He was reassigned to work on a different part of the unit on September 11, 2015. On September 23, 2015, he admitted to medical personnel that he "was having issues for a while but it is ok." These facts do not show that he was under imminent danger of serious physical injury at the time he filed the lawsuit on November 4, 2016. He mentions grievances about being denied medication starting on January 25, 2017, but he has not shown that he was under imminent danger of serious physical injury at the time he filed the lawsuit. Mr. Walker's objections lack merit.

## Conclusion

Congress enacted § 1915(g) to end the practice by inmates of repeatedly filing frivolous lawsuits. Mr. Walker had at least three strikes at the time he filed the present lawsuit. He has exceeded the limit allowed by Congress. He has not shown that the exception to § 1915(g) applies; thus, he is not entitled to proceed *in forma pauperis*. Defendants' motion to revoke his *in forma pauperis* status should be granted.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Mr. Walker to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and

Mr. Walker's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). It is further

**ORDERED** that Defendants' motion to revoke Mr. Walker's *in forma pauperis* status (Dkt. #43) is **GRANTED** and Mr. Walker's *in forma pauperis* status is **REVOKED**. Mr. Walker may resume his lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the final judgment. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

_Ron Clark_
Ron Clark, United States District Judge